[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #114
Summary judgment will be granted only when "the pleadings, affidavits and any other proof submitted show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 384. The movant has the burden of demonstrating the absence of any genuine issue of material fact. Gupta v. New Britain GeneralHospital, 239 Conn. 574, 582, 687 A.2d 111 (1996).
"As the party moving for summary judgment, the [defendant] is required to support its motion with supporting documentation, including affidavits." Heyman Associates No. 1 v. Insurance Co.CT Page 10243of Pennsylvania, 231 Conn. 756, 796, 653 A.2d 122 (1995). "Only evidence that would be admissible at trial may be used to support or oppose a motion for summary judgment." Home Ins. Co. v. AetnaLife Casualty Co., 235 Conn. 185, 202-03, 663 A.2d 1001 (1995), citing Practice Book § 381.
In the present case, the defendant fails to provide adequate proof in support of its motion for summary judgment. The defendant does not provide an affidavit. Instead, the only "evidence" provided is: 1) a photocopy of a letter; 2) a post-hearing memorandum of law from a separate action; 3) a pre-hearing memorandum of law from another action; and 4) a post-trial brief from another action. At best, these items constitute inadmissible hearsay to the present action.
Further, the plaintiff supplies a counteraffidavit to the motion for summary judgment. This unopposed counteraffidavit indicates that there are numerous issues of material fact regarding the terms of the loan document and the defendant's communications with the plaintiff and the plaintiff's former employer. Therefore, based on the defendant's failure to present any admissible evidence to support its motion, as well as the genuine issues of material fact, the motion for summary judgment is denied.
MINTZ, J.